UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENAN ALLEN**                                          **CIVIL ACTION**

**VERSUS**                                               **NO. 25-2343**

**LOUISIANA STATE**                                      **SECTION: D (1)**

## ORDER AND REASONS

Petitioner Kenan Allen, a Louisiana State prisoner, filed a pleading styled "Petition for Writ of Review and the Issues [sic] of a Writ of Mandamus to Compel the Proper Law State Fourth Circuit Court of Appeal, the Louisiana Supreme Court to Show were Each Has Subject Matter Jurisdiction from Inception of this Case."[1] Petitioner seeks a writ of mandamus directing the state courts to demonstrate that of the trial court had jurisdiction to bring petitioner to trial in 2012 as well the state appellant courts' authority to review his convictions for second degree murder and attempted second degree murder. Petitioner appears to contend that his convictions are unconstitutional and void because the jury verdict was non-unanimous.

Petitioner appears to rely on the All Writs Act, 28 U.S.C. § 1651, for the Court to issue a writ of mandamus. That statute, however, does not provide a jurisdictional basis for petitioner's request. The law is clear that federal courts possess no general mandamus powers to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.[2]

---

[1] R. Doc. 1.
[2] Pursuant to the federal mandamus statute, 28 U.S.C. § 1361, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." By its terms, 28 U.S.C. § 1361

Petitioner previously sought relief pursuant to 28 U.S.C. § 2254.[3] The Fifth Circuit Court of Appeals determined that Petitioner had failed to make the requisite *prima facie* showing necessary for relief and it thus denied Petitioner's authorization to file a successive writ of habeas corpus under 28 U.S.C. § 2254.[4] Petitioner may not use his petition for writ of mandamus as a way around the bar on second or successive habeas petitions in federal court. Instead, as previously directed, Petitioner is required to "move in the appropriate court of appeals for an order authorizing the district court to consider the application" before filing "a second or successive application" for habeas relief.[5] Thus, to the extent that petitioner's petition for writ of mandamus is a successive writ of habeas corpus under 28 U.S.C. § 2254, the Court has no authorization to rule upon it.

Accordingly,

**IT IS ORDERED** that Kenan Allen's petition for writ of mandamus is **DISMISSED** for lack of jurisdiction.

New Orleans, Louisiana, January 2, 2026.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**WENDY B. VITTER**
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

does not apply to state actors, but only to officers and employees of the United States. As such, this statutory provision also does not give the Court jurisdiction to issue the writ of mandamus that petitioner seeks. *See Paige v. Bacarisse*, 80 F. App'x 299, 300 (5th Cir. 2003) (citing *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) and *Moye v. Clerk, DeKalb County Superior Court*, 474 2d 1275 (5th Cir. 1973)); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Lamar v. 118th Judicial District of Texas*, 440 F.2d 383, 384 (5th Cir. 1971).
[3] *Allen v. Vannoy*, No. 18-8464, 2019 WL 2076690 (E.D. La. May 10, 2019), *certificate of appealability denied*, 2020 WL 6580031 (5th Cir. Feb. 18. 2020).
[4] *Id. In re Kenan Allen*, 23-30912 (5th Cir. Feb. 1, 2024) (unpublished).
[5] 28 U.S.C. § 2244(3)(A).